NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0131n.06
Filed: February 18, 2005

No. 03-5778

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LARRY HICKS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF KENTUCKY |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before: MOORE and GIBBONS, Circuit Judges; EDMUNDS, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Petitioner-appellant Larry Hicks appeals from the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In 1999, Hicks pleaded guilty to various charges, including possession with intent to distribute cocaine and conspiring to possess cocaine with intent to distribute. After a sentencing hearing, the district court judge sentenced Hicks to a total term of imprisonment of 120 months, the mandatory minimum for the quantity of cocaine attributed to him by the judge based on evidence presented at the sentencing hearing. Hicks appealed his sentence, and this court affirmed. Thereafter, Hicks filed a motion under 28 U.S.C. § 2255, alleging that his sentence violated *Apprendi*, the burden of proof as to drug quantity was improperly placed on him rather than the government, and his counsel was

_____

[*]The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

ineffective for failing to raise either issue on appeal. The district court denied his motion to vacate.

For the following reasons, we affirm the district court's decision.

I.

Hicks was indicted in the Eastern District of Tennessee on three counts of possession with

intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1). A month later, he was also charged

in the Eastern District of Kentucky with conspiracy to unlawfully possess cocaine with the intent

to distribute. Hicks entered a guilty plea on all counts of the Tennessee indictment under a plea

agreement providing that Hicks was responsible for 1.275 kilograms of cocaine. In the Kentucky

case, Hicks pleaded guilty to the conspiracy charge.

Thereafter, Hicks agreed to the transfer of the Tennessee federal case to the Eastern District

of Kentucky for consolidation with the Kentucky case for sentencing. The presentence investigation

report deemed Hicks responsible for 9.275 kilograms of cocaine, the maximum quantity of drugs

attributable to the conspiracy. Based on this quantity of cocaine, the probation officer assigned

Hicks a base offense level of 32. After receiving a two-level decrease under U.S.S.G. § 5C1.2 (the

safety valve provision) and a three-level decrease for acceptance of responsibility, Hicks's total

offense level in the presentence report was 27.

Both Hicks and the government objected to the presentence report. The government

protested the two-level reduction in offense level under § 5C1.2, arguing that Hicks was not being

honest about the quantity of cocaine involved in his offenses. In contrast, Hicks argued that the

quantity of cocaine attributed to him was too high.

The case proceeded to the sentencing hearing, during which the issues of quantity of cocaine

and the applicability of the safety valve to Hicks's case were resolved. At the outset of that hearing, the district court judge stated, "I would be inclined to begin with the amount of cocaine on which the defendant, having made the objection, bears the burden of proof." The defense attorney immediately responded that it was his "understanding that any time a sentencing issue comes into dispute, the burden is on the government." The district court disagreed with the defense, but had the government proceed first because it made "more sense to hear the government's proof first."

At the conclusion of the sentencing hearing, the district court found Hicks responsible for eight kilograms of cocaine in the Kentucky case and 1.275 kilograms in the Tennessee case, for a total of 9.275 kilograms. The court refused to give Hicks a safety valve reduction, because it found that the amount of cocaine in which he trafficked far exceeded the amount he had admitted. Thus, Hicks's total offense level was a 29, giving him a sentencing range of 87 to 108 months. However, the quantity of drugs attributed to Hicks subjected him to a mandatory minimum sentence of 120 months imprisonment. The court sentenced him to this mandatory minimum.

After the judge announced the sentence, the government asked her to clarify her findings. Specifically, the Assistant United States Attorney said, "[T]he only thing that I would ask for clarification on—again it's just my confusion—is when we started the process, we talked about findings of fact and preponderance of the evidence. And I'm assuming that the Court has found by a preponderance of the evidence the government has established these facts." The judge replied, "You are right. And thank you for reminding me of that. All of the findings I have just made are established by a preponderance of the evidence."

Hicks filed a direct appeal to this court, challenging the district court's calculation of the

quantity of cocaine based on insufficiency of the evidence and its decision not to grant him safety valve relief. Hicks's appellate counsel did not address the issue of whether the district court had placed the burden of proof as to the drug quantity on Hicks or on the government. This court subsequently rejected both of Hicks's claims on appeal and affirmed the conviction and sentence.

On May 13, 2002, Hicks filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He claimed that the district court had incorrectly placed the burden on him to establish the quantity of cocaine involved in his offenses. He also challenged his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a case that had been decided after appellate counsel had filed the final brief on direct appeal, but before oral argument. Hicks contended that he received ineffective assistance of counsel, because his attorney failed to raise the *Apprendi* issue and the burden of proof issue on direct appeal. He also argued that he was prejudiced, because his sentence was higher than the applicable sentencing guideline range.

A magistrate judge recommended that Hicks's motion be denied, and the district court denied it. However, the district court granted Hicks a certificate of appealability as to five issues: (1) whether the *Apprendi* claim is cognizable on § 2255 review; (2) whether the petitioner's sentence violates *Apprendi*; (3) whether counsel was ineffective for not raising an *Apprendi* argument on direct appeal; (4) whether the petitioner is entitled to any relief insofar as the sentence exceeds the maximum applicable guideline range; and (5) whether the burden of proof was placed on the incorrect party at sentencing and thus, whether counsel was ineffective for failing to raise that claim.

II.

This court reviews the denial of a § 2255 motion *de novo*. *Mallett v. United States*, 334 F.3d

491, 497 (6th Cir. 2003). The district court's findings of fact are reviewed for clear error. *Id.*

Section 2255 provides in part:

If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255. In order to prevail on a § 2255 motion alleging constitutional error, the petitioner must show that the constitutional error had a "substantial and injurious effect or influence" on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *see also Wright v. United States*, 182 F.3d 458, 463 (6th Cir. 1999). If the petitioner is alleging a non-constitutional error, the petitioner must demonstrate that there was a "'fundamental defect' in the proceedings which necessarily result[ed] in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

A.

The Supreme Court's decision in *Apprendi* established that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Hicks argues that *Apprendi* is cognizable on collateral review and that his sentence violates *Apprendi*. We can easily dispose of both contentions. In *Goode v. United States*, we held that *Apprendi* does not apply retroactively on postconviction review. 305 F.3d 378, 382 (6th Cir. 2002). Even if we could review

*Hicks v. United States*, 03-5778

Hicks's *Apprendi* argument on collateral review, we would be required to find that his sentence does not violate *Apprendi*'s rule. Hicks was sentenced to 120 months imprisonment, the mandatory minimum for a person convicted of distributing more than five kilograms of cocaine. 21 U.S.C. § 841(b)(1)(A). The 120 months imprisonment represented an increase over what Hicks would have received under the sentencing guidelines. However, it was the mandatory statutory minimum and not the statutory maximum. Because *Apprendi* does not apply to mandatory minimums, *Harris v. United States*, 536 U.S. 545, 567-69 (2002), its rule does not affect Hicks's case (even if it was applicable on collateral review).

B.

Hicks argues that his attorney on appeal was ineffective in failing to argue that *Apprendi* applied to his sentencing. Hicks's attorney filed his final appellate brief on June 14, 2000, and oral argument was not held until March 29, 2001. The Supreme Court decided *Apprendi* on June 26, 2000. This court thereafter broadened *Apprendi*'s reach to encompass mandatory minimums. *See United States v. Strayhorn*, 250 F.3d 462 (6th Cir. 2001); *United States v. Ramirez*, 242 F.3d 348 (6th Cir. 2001); *United States v. Flowal*, 234 F.3d 932 (6th Cir. 2000). The law in this circuit after *Apprendi* required a jury determination beyond a reasonable doubt about issues "affecting the judge's discretion to impose a lesser sentence." *United States v. Leachman*, 309 F.3d 377, 382 (6th Cir. 2002). However, this line of cases was subsequently overruled by *Harris* and *Leachman*, because *Harris* confirmed that *Apprendi* did not apply to mandatory minimums.

According to Hicks, his attorney "did not move this court for an order to remand to district court for resentencing based upon the *Apprendi* and Sixth Circuit cases nor did he file an addendum

*Hicks v. United States*, 03-5778

with this court regarding the change in the law nor did he present an *Apprendi* claim during oral argument." This court's opinion in the case also did not address any *Apprendi* claim. *United States v. Hicks*, 9 Fed. Appx. 405, 409 (6th Cir. 2001).

In order for Hicks to establish ineffective assistance of counsel based on his attorney's failure to raise the *Apprendi* issue on appeal, he must show that his attorney's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Bowen v. Foltz*, 763 F.2d 191, 194 n.3 (6th Cir. 1985) (observing that the "same Sixth Amendment standards of reasonably effective assistance of counsel during trial is [sic] applicable to appeals as of right").

For counsel's performance to be considered deficient, it must have been objectively unreasonable under the circumstances. *Strickland*, 466 U.S. at 687-88. This court will give great deference in reviewing counsel's performance. *Id.* at 689. When evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Counsel "has no obligation to raise every possible claim, and the decision of which among the possible claims to pursue is ordinarily entrusted to counsel's professional judgment." *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004) (internal citation omitted). Further, counsel's performance should not be reviewed with hindsight, but judged "within the context of the circumstances at the time of the alleged errors." *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996).

*Hicks v. United States*, 03-5778

The failure of Hicks's attorney to raise an *Apprendi* issue on appeal, either by filing a supplemental brief, alerting the court to the new case law, or addressing it during oral argument, was objectively unreasonable. By the time this court heard Hicks's case, the Supreme Court had decided *Apprendi*, and this court had applied *Apprendi* in several cases to mandatory minimums.

Further, our cases applying *Apprendi* before Hicks's case was decided were similar factually to Hicks's case. For example, in *Flowal*, decided December 11, 2000, the district court judge found that Flowal possessed more than 5 kilograms of drugs, and Flowal was sentenced to life imprisonment without the possibility of parole. 234 F.3d at 936-37. Analogizing the judge's determination to the determination made in *Apprendi*, we reasoned that both determinations made "a factual finding that determined the appropriate length of the criminal sentence," and therefore, "a jury should have determined the weight of the drugs beyond a reasonable doubt." *Id.* at 936. Because of this perceived error, we reversed the district court's determination of the drugs' weight and remanded for a new sentencing. *Id.* at 938. Similarly, in *Ramirez*, decided February 16, 2001, we held that "[a]ggravating factors, other than a prior conviction, that increase the penalty from a nonmandatory minimum sentence to a mandatory minimum sentence, or from a lesser to a greater minimum sentence, are now elements of the crime to be charged and proved." 242 F.3d at 351-52. Because a jury did not hear evidence regarding the quantity of drugs possessed by Ramirez, we remanded the case to the district court for resentencing. *Id.* at 352. As in *Ramirez* and *Flowal*, a jury did not hear evidence about the quantity of drugs possessed by Hicks; instead, this determination was made by the district court judge. Hicks's attorney should have recognized the similarity between these cases and Hicks's case and raised this as an issue on appeal.

*Hicks v. United States*, 03-5778

Counsel's failure to argue *Apprendi*, *Ramirez*, and *Flowal* on appeal also cannot be considered a reasonable strategic choice. Given that all three cases were decided during the pendency of Hicks's appeal and that *Ramirez* and *Flowal* granted resentencing hearings to defendants in cases that were factually similar to Hicks's, counsel's failure to present this issue was deficient. Although the "decision of which among the possible claims to pursue is ordinarily entrusted to counsel's professional judgment," *McFarland*, 356 F.3d at 710, in this case, the *Apprendi* issue was significant and presented the best opportunity for Hicks to receive a reduction in his sentence. Thus, counsel's failure to raise this issue cannot be viewed as reasonable under *Strickland*'s performance prong.

However, even though counsel's performance was likely deficient, Hicks cannot establish that it prejudiced him. The Supreme Court's decision in *Lockhart v. Fretwell* is directly on point and bars a finding of prejudice in circumstances such as Hicks's. *See* 506 U.S. 364, 369-71 (1993). In *Lockhart*, a jury convicted a criminal defendant of capital felony murder. *Id.* at 366. During the penalty phase, the government argued, and the jury accepted, that "evidence presented during the guilt phase established . . . the murder was committed for pecuniary gain." *Id.* Because the jury found that this aggravating factor existed, the jury sentenced Fretwell to death. *Id.* Fretwell later filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, arguing ineffective assistance of counsel for counsel's failure to raise an objection to the presentation of the aggravating factor to the jury, based on the case of *Collins v. Lockhart*, 754 F.2d 258 (8th Cir. 1985). *Collins* held that "a death sentence is unconstitutional if it is based on an aggravating factor that duplicates an element of the underlying felony." *See Lockhart*, 506 U.S. at 367. It was overruled by another

Eighth Circuit decision, but not until after Fretwell's sentencing. On habeas review, both the district court and Eighth Circuit Court of Appeals found that Fretwell established prejudice based on his counsel's failure to object under *Collins*. *Id.* at 367-68. The Eighth Circuit "reasoned that had counsel made the objection, the trial court would have sustained the objection and the jury would not have sentenced respondent to death." *Id.* at 368.

The Supreme Court reversed the Eighth Circuit. It held that:

> [A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.

*Id.* at 369-70 (footnote omitted). Because *Collins* was overruled in a later case, the defendant could not establish prejudice, as "unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372. Thus, *Lockhart* establishes that "the court making the prejudice determination may not consider the effect of an objection it knows to be wholly meritless under current governing law, even if the objection might have been considered meritorious at the time of its omission." *Id.* at 374 (O'Connor, J., concurring).

Similar to defendant's counsel in *Lockhart*, Hicks's counsel failed to make an argument under then-existing law that likely would have given his client a reduced sentence. However, as that law was later overturned by *Harris*, Hicks cannot establish prejudice under *Strickland*, because the result of his proceeding was "neither unfair nor unreliable." *See id.* at 371.

Hicks was not prejudiced by counsel's failure to raise an *Apprendi* argument during the

appeal of his sentence, and thus he cannot succeed on his ineffective assistance of counsel claim.

C.

Hicks next contends that he is entitled to relief, because his sentence exceeds the sentencing guidelines and the district court did not provide a legally valid reason for this departure as required under 18 U.S.C. § 3553(c).

Hicks admits that he did not raise this issue on direct appeal. A petitioner's failure to raise a claim on direct appeal results in procedural default of that claim. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). This court can only review claims that are procedurally defaulted if there is good cause for failing to do so and the petitioner would suffer actual prejudice if the arguments are precluded.[1] *Goode*, 305 F.3d at 382.

Hicks argues that he should not be barred from presenting this claim on § 2255 review, because his attorney rendered ineffective assistance on appeal. Ineffective assistance of counsel may constitute cause for failing to raise a claim in earlier proceedings. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). As previously discussed, a person alleging ineffective assistance of counsel must establish that the attorney's performance was deficient and that the deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. With regard to the prejudice prong, it must be shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have

---

[1]A petitioner can also overcome procedural default by establishing that "he is actually innocent of the subject offense." *Goode*, 305 F.3d at 382. Hicks pleaded guilty to the underlying offense and does not contend in his habeas petition that he is actually innocent.

changed the result of the appeal." *McFarland*, 356 F.3d at 699.

Hicks cannot establish ineffective assistance of counsel for his attorney's failure to raise this claim on appeal. The record reflects, and Hicks admits, that the court sentenced Hicks to a term of imprisonment greater than the sentencing guidelines because of the mandatory minimum imposed under the statute. Judge Coffman stated this reason for the upward departure from the bench. She thus met the requirements of 18 U.S.C. § 3553(c), which is "satisfied by a short, written or reasoned statement from the bench identifying the aggravating factors and the court's reasons for connecting them to permissible grounds for departure." *United States v. Thomas*, 24 F.3d 829, 833-34 (6th Cir. 1994). No prejudice resulted from Hicks's attorney's failure to raise this issue on appeal, because there was not "a reasonable probability that inclusion of the issue would have changed the result of the appeal," given that the district court did not err. *McFarland*, 356 F.3d at 699. Thus, because Hicks cannot establish ineffective assistance of counsel, he cannot show cause for failure to raise the 18 U.S.C. § 3553(c) issue on appeal. His claim is procedurally defaulted.

D.

Finally, Hicks argues that the burden of proof was erroneously placed on him during the sentencing hearing and that his attorney was constitutionally ineffective for failing to raise this issue on direct appeal. The magistrate judge found that "the burden of proof was in fact placed on the government." Further, even though the district court judge initially misstated who bore the burden of proof, "[w]hen viewed in the context of the entire proceeding, . . . the judge's initial comments regarding burden of proof do not appear to have resulted in a 'structural' error or deprivation of fundamental fairness." It is well-established and neither party disputes that the government bears

the burden of proof of establishing drug quantity during a sentencing hearing. *See United States v. Mahaffey*, 53 F.3d 128, 131 (6th Cir. 1995) ("The government has the burden of proving by a preponderance of the evidence the amount of drugs for which a defendant is accountable.").

Hicks's argument regarding the burden of proof stems from a series of exchanges during the sentencing hearing. The government and Hicks disagreed over the quantity of drugs attributable to Hicks. At the outset of the sentencing hearing, the judge stated, "I would be inclined to begin with the amount of cocaine on which the defendant, having made the objection, bears the burden of proof." Hicks's attorney responded that he believed that the burden was on the government. The judge then stated, "Well, frankly, I think you have the burden of proof on the issue because it's your objection. But I think it's going to make more sense to hear the government's proof first." After this exchange, the evidentiary hearing began with the government proceeding first and presenting its witnesses.

Later, during arguments over the objections, the Assistant United States Attorney told the court: "So the issue today that we have before us, again, is the quantity. I believe that the government does have the burden of proof by a preponderance of the evidence. And I accept that burden."

After the district court imposed Hicks's sentence, the Assistant United States Attorney asked for clarification from the judge.

> **Assistant United States Attorney:** Your Honor, the only thing that I would ask for clarification on—again it's just my confusion—is when we started the process, we talked about findings of fact and preponderance of the evidence. And I'm assuming that the Court has found by a preponderance of the evidence the government has established these facts?

>  **Court:** You are right. And thank you for reminding me of that. All the findings I have just made are established by a preponderance of the evidence.

The sentencing proceeding concluded shortly thereafter, with no further discussion regarding the burden of proof.

Although the record reflects initial confusion over which party bore the burden of proof, we find that the judge properly placed the burden of proof on the government. While the judge did state at the beginning of the sentencing hearing that she believed the defendant carried the burden, both parties alerted the judge that the government bore the burden of proof. In addition, the government presented its witnesses first. At the conclusion of the sentencing hearing, the Assistant United States Attorney directly asked the judge, "And I'm assuming that the Court has found by a preponderance of the evidence the government has established these facts?" The judge responded, "You are right." The judge thus confirmed that the government had carried its burden of proof.

Even if the district court judge did incorrectly place the burden of proof on the defendant, the sentencing hearing's outcome was not substantially affected by this error. The government presented two witnesses who were co-conspirators with Hicks, along with audio and video tapes of a government informant interacting with Hicks. The defendant presented the testimony of one individual whose knowledge of the conspiracy appeared to be more limited than that of the other witnesses. The district court judge credited the testimony of all witnesses and also relied on the tapes to find that Hicks dealt in large quantities of drugs. The evidence before the judge supporting Hicks's sentence was strong, rendering it unlikely that any possible error in the placement of the burden of proof affected the outcome of the sentencing hearing. Further, this was not a close case in which the decision of who carried the burden under a preponderance of the evidence standard was

outcome-determinative.

Thus, the district court properly placed the burden of proof on the government and, even if it had not done so, the outcome of the sentencing hearing would not have been substantially affected. Hicks's attorney was not ineffective for failing to raise this argument on appeal.

### III.

For the foregoing reasons, we affirm the decision of the district court denying Hicks's motion to vacate his sentence.