RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0272p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

GLEN EVANS, SR.,

        *Petitioner-Appellee,*

        *v.*

STUART HUDSON, Warden,

        *Respondent-Appellant.*

No. 08-3717

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 07-01291—Sara E. Lioi, District Judge.

Argued: April 23, 2009

Decided and Filed: August 3, 2009

Before: MOORE and McKEAGUE, Circuit Judges; FORESTER, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Jerri L. Fosnaught, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellant. Craig M. Jaquith, OHIO PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellee. **ON BRIEF:** Jerri L. Fosnaught, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellant. Craig M. Jaquith, OHIO PUBLIC DEFENDER'S OFFICE, Columbus, Ohio, for Appellee.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge. Respondent-Appellant Stuart Hudson ("Hudson"), the warden of Mansfield Correctional Institution, appeals the district court's grant of a conditional writ of habeas corpus to Petitioner-Appellee Glen

_____

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Evans ("Evans"), requiring the state of Ohio to resentence Evans within 90 days or release him. Hudson contends that the district court erred in concluding that Evans received ineffective assistance of appellate counsel because appellate counsel failed to raise, during Evans's direct appeal, a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), regarding Evans's sentence to consecutive terms of imprisonment. For the reasons discussed below involving the Supreme Court's recent decision in *Oregon v. Ice*, — U.S. —, 129 S. Ct. 711 (2009), we **REVERSE** the district court's grant of habeas relief.

## I. FACTS AND PROCEDURE

The underlying facts of this case are not in dispute and were summarized in the district court opinion:

> On November 16, 2004, following a jury trial, Petitioner[, Evans,] was convicted in the Cuyahoga County Court of Common Pleas on one count of aggravated murder (O. R. C. § 2903.01), two counts of kidnapping (O. R. C. § 2905.01), and two counts of felonious assault (O. R. C. § 2903.11), with fire arm specifications on all counts. On the same day, the trial judge sentenced Petitioner as follows: on the aggravated murder count, life with the possibility of parole after 20 years, plus three consecutive years for the firearm specification; on each of the kidnapping counts, three years plus three years for the firearm specifications, all to run concurrent with each other and with count 1; and on each of the felonious assault counts, four years plus three years for the firearm specifications, with the specification running concurrent with each base sentence. The sentence on the felonious assault count relating to victim Joseph Dixon (Count 5) was to run concurrent with all the others; but the sentence on the felonious assault count relating to victim Rocky George Smith (Count 4) was to run consecutive to all the other sentences. Therefore, Petitioner was sentenced to a total of 27 years to life.
>
> Represented by counsel, [Patrick E. Talty,] Petitioner filed a direct appeal to the Eighth District Court of Appeals. He assigned the following errors:
>
> > 1. The verdict of the jury finding defendant-appellant guilty of aggravated murder, kidnapping and felonious assault is against the manifest weight of the evidence.

2.  The trial court erred in admitting the State's exhibits into evidence because they were prejudicial and cumulative.

3.  The trial court erred in sentencing defendant-appellant to consecutive terms of imprisonment when it did not follow the statutory requirements for the imposition of such a sentence.

On September 1, 2005, the appellate court overruled each assignment of error and affirmed the judgment of the trial court.

On October 25, 2005, [then] represented by [new] counsel, Petitioner filed a timely appeal to the Supreme Court of Ohio, raising the following propositions of law:

1.  A trial court commits reversible error when it imposes consecutive sentences on a criminal defendant without making the appropriate findings of proportionality required by R.C. 2929.14(E)(4).

2.  An appellate counsel fails to provide effective assistance of counsel when he or she fails to provide meritorious assignments of error on appeal.

The Ohio Supreme Court accepted the appeal on the second proposition of law, but ordered the case held for the decisions in *State v. Quinones* (No. 04-1771) and *State v. Foster* (No. 04-1568). On May 3, 2006, after deciding *Foster*, the Supreme Court *sua sponte* dismissed the appeal "as having been improvidently accepted pursuant to the rule relating to ineffective assistance of counsel announced in *Strickland v. Washington* (1984), 466 U.S. 668." (Doc. No. 6, Exh. 12.)

On May 2, 2007, Petitioner filed the instant application for a writ of habeas corpus asserting a single ground for relief based on *Blakely*. Respondent filed a Return of Writ (Doc. No. 6) and Petitioner filed a Traverse (Doc. No. 15).

*Evans v. Hudson*, No. 1:07 CV 1291, 2008 WL 1929983, at *2 (N.D. Ohio Apr. 29, 2008) (unpublished opinion). In his petition for a writ of habeas corpus, Evans contends that he "was deprived of his right to the effective assistance of appellate counsel, as guaranteed by the Sixth Amendment to the United States Constitution, based on appellate counsel's failure to raise a claim [at the Ohio Eighth District Court of Appeals] that Petitioner's sentence was imposed in contravention of the Sixth and Fourteenth

Amendments to the United States Constitution." Record on Appeal ("ROA") at 8 (Pet. for Writ at 5).

Evans's petition was referred to a magistrate judge, who issued a Report and Recommendation recommending that Evans's petition be denied. ROA at 336. The magistrate judge noted that Evans had exhausted his ineffective-assistance-of-appellate-counsel claim and that the claim was not procedurally defaulted. However, after reviewing the sentencing transcript, the magistrate judge concluded that Evans's sentence did not violate *Blakely* and, therefore, Evans could not show that his appellate counsel's representation was in violation of *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to raise a *Blakely* claim.

The district court adopted the magistrate judge's finding regarding procedural default, but rejected the magistrate judge's *Blakely* conclusion. The district court explained that, in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), the Ohio Supreme Court concluded that the statute that the sentencing judge relied upon in imposing Evans's sentence, Ohio Rev. Code § 2929.14(E)(4), violated *Blakely* because, under § 2929.14(E)(4), "an Ohio defendant could not be sentenced to consecutive sentences without additional judicial fact-findings." *Evans*, 2008 WL 1929983, at *6. Furthermore, although *Foster* post-dated Evans's sentence, *Blakely* did not and thus Evans's sentence violated clearly established law.

Turning to the issue of ineffective assistance of appellate counsel, the district court concluded that "[e]ven though the court in *Foster* stated that '[m]ost Ohio appellate courts [ . . . ] determined that *Blakely* [was] inapplicable[,]' *Foster*, 109 Ohio St. 3d at 17, at the time of Petitioner's appeal, the appellate court to which he would have taken his appeal seems to have been leaning in the opposite direction." *Id*. at *7 (first alteration added). The district court found that, "[i]n light of the developing case law at the time, counsel's performance was deficient for failing to at least raise the *Blakely* issue" on appeal. *Id*. Additionally, on the issue of prejudice, the district court noted that it could "have no sure way of knowing what might have happened had Petitioner's case been remanded for re-sentencing by the state court," but that it could not "say for sure

that Petitioner, had he been resentenced prior to *Foster*, would have received the same sentence." *Id*. Thus, the district court concluded that Evans had shown prejudice. The district court conditionally granted Evans's petition for a writ of habeas corpus and ordered that Evans be resentenced within 90 days or released. Hudson timely appealed.

After the parties filed their briefs in this court, but before oral argument, the United States Supreme Court issued an opinion in *Oregon v. Ice*, --- U.S. ---, 129 S. Ct. 711 (2009), holding that allowing state judges to find facts when determining whether to impose consecutive sentences does not violate the Sixth Amendment as interpreted by *Blakely*. *Id*. at 714-15. In response to a request by the panel, the parties submitted letter briefs concerning the impact of *Ice* on the current appeal.

## II. ANALYSIS

### A. Standard of Review

"We review de novo a district court's determinations regarding a habeas petitioner's claim of ineffective assistance of counsel." *Mason v. Mitchell*, 543 F.3d 766, 771 (6th Cir. 2008). Moreover, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs all habeas petitions filed after AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). AEDPA provides that

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted *with respect to any claim that was adjudicated on the merits in State court proceedings* unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (emphasis added). However, AEDPA's "deferential standard of review . . . applies only to a claim that has been adjudicated on the merits in State

court proceedings." *Brown v. Smith*, 551 F.3d 424, 428 (6th Cir. 2008) (internal quotation marks omitted). When AEDPA deference does not apply, we apply the pre-ADEPA standard of review and review questions of law de novo and questions of fact for clear error. *Brown*, 551 F.3d at 430; *see also Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

In the instant case, it is clear that Evans's ineffective-assistance-of-appellate-counsel claim was not adjudicated on the merits in the Ohio Supreme Court; rather, the Ohio Supreme Court, after granting discretionary review of the issue, dismissed the case sua sponte, explaining only that discretionary review "ha[d] been improvidently accepted pursuant to the rule relating to ineffective assistance of counsel announced in *Strickland v. Washington* (1984), 466 U.S. 668." ROA at 303 (5/22/06 Ohio Supreme Court J. Entry). This perfunctory dismissal is not entitled to AEDPA deference; thus, we will review Evans's ineffective-assistance-of-appellate-counsel claim under the pre-ADEPA standard of review.

**B. Ineffective Assistance of Appellate Counsel**

On an appeal of right, a criminal defendant is entitled to effective assistance of appellate counsel. *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Claims of ineffective assistance of appellate counsel are subject to the *Strickland* test, which requires a defendant to show both deficient representation and prejudice. *Id*. To meet his or her burden, "a petitioner must show that the performance of counsel fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burton v. Renico*, 391 F.3d 764, 773 (6th Cir. 2004) (internal quotation marks omitted); *see also Maples*, 340 F.3d at 437. When evaluating the issue of ineffective assistance of appellate counsel, we review the appellate proceedings to determine whether prejudice is shown. *Mapes v. Tate*, 388 F.3d 187, 194 (6th Cir. 2004) (noting that prejudice is shown if "there is 'a reasonable probability that, but for his counsel's [failings] . . ., [the defendant] would have prevailed on his appeal'" (alterations in original) (quoting *Smith v. Robbins*, 528 U.S. 259, 285 (2000)). "A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Burton*, 391 F.3d at 773 (internal quotation marks omitted); *Maples*, 340 F.3d at 437.

Evans's habeas petition contends that his counsel during his appeal of right to the Ohio Eighth District Court of Appeals was ineffective because that appellate counsel did not challenge Evans's consecutive sentences based on *Blakely*.  Hudson asserts that the district court erred when it concluded that Evans's appellate counsel was deficient for failing to raise the *Blakely* argument and when it concluded that this failure prejudiced Evans.  Specifically, Hudson contends that:  (1) *Ice* renders Evans's argument that he was sentenced in violation of *Blakely* meritless; (2) at the time Evans's appellate brief was filed, a *Blakely* claim was not clearly stronger than the claims Evans's appellate counsel raised; and (3) Evans has not shown prejudice from any alleged error of appellate counsel.[1]  We conclude that, in light of *Ice* and other Supreme Court precedent, Evans is not now entitled to habeas relief.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Supreme Court was confronted with an Arkansas state defendant whose trial counsel failed to make an objection to the aggravating factor upon which his death sentence was based.  At the time of sentencing, the Eighth Circuit Court of Appeals had held, in *Collins v. Lockhart*, 754 F.2d 258 (8th Cir. 1985), that the use of the aggravating factor in question was unconstitutional.  On state collateral review, the defendant raised the claim of ineffective assistance of trial counsel for failing to make a *Collins* objection, which the state court denied.  Defendant then filed a 28 U.S.C. § 2254 petition, "argu[ing] that his trial counsel did not perform effectively because he failed to raise the *Collins* objection." *Fretwell*, 506 U.S. at 367. The district court granted the habeas petition and the Eighth Circuit Court of Appeals affirmed, even though it had overruled *Collins* while defendant's habeas petition was pending.  The Court of Appeals reasoned

---

[1]Hudson further argues that Evans cannot prove that his sentence on remand would have differed from the sentence imposed originally and thus Evans cannot show prejudice.  As explained above, such a showing is not required; when asserting a claim of ineffective assistance of appellate counsel, a petitioner need show only a reasonable probability that the result of his *appeal* would have been different. *Mapes*, 388 F.3d at 194.  In other words, here Evans need show only that had appellate counsel raised the *Blakely* issue on appeal, there is a reasonable probability that Evans would have received a new sentencing proceeding.

that the Arkansas trial court was bound under the Supremacy Clause to obey the Eighth Circuit's interpretation of the Federal Constitution [in *Collins*]. Based on this belief, it reasoned that had counsel made the objection, the trial court would have sustained the objection and the jury would not have sentenced respondent to death. . . . It held that since respondent was entitled to the benefit of *Collins* at the time of his original sentencing proceeding, it would only perpetuate the prejudice caused by the original sixth amendment violation to resentence him under current law.

*Fretwell*, 506 U.S. at 368 (internal quotation marks omitted).

The Supreme Court reversed, holding "that the court making the prejudice determination may not consider the effect of an objection it knows to be wholly meritless under current governing law, even if the objection might have been considered meritorious at the time of its omission." *Id*. at 374 (O'Connor, J, concurring); *id*. at 371-72. The Court noted that "the Sixth Amendment right to counsel exists 'in order to protect the fundamental right to a fair trial.'" *Id*. at 368 (quoting *Strickland*, 466 U.S. at 684). Moreover, the Court reasoned that, when evaluating the prejudice prong of *Strickland*,

an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.

*Id.* at 369-70 (footnote omitted).

Although the holding of *Fretwell* is very narrow, *Northrop v. Trippett*, 265 F.3d 372, 385 (6th Cir. 2001), the circumstances of the instant appeal are strikingly similar to *Fretwell*.[2] At the time of Evans's direct appeal, Evans's *Blakely* claim was arguably meritorious. However, this alone is not enough to show prejudice, because the Supreme

---

[2]We recognize that *Fretwell* deals specifically with an ineffective-assistance-of-trial-counsel claim; however, there is no language in *Fretwell* suggesting that its principles should not be applied to ineffective-assistance-of-appellate-counsel claims. Moreover, we previously have applied *Fretwell* to an ineffective-assistance-of-appellate-counsel claim. *Hicks v. United States*, 122 F. App'x 253, 257-59 (6th Cir. 2005).

Court changed the applicable law with its decision in *Ice* while Evans's habeas appeal was pending. In *Ice*, the Supreme Court held, "in light of historical practice and the authority of States over administration of their criminal justice systems, that the Sixth Amendment does not exclude" a state's practice of requiring a judge to find certain facts before she can sentence a defendant to consecutive, rather than concurrent, terms of imprisonment. *Ice*, 129 S. Ct. at 714-15. Pursuant to *Ice*'s holding, Evans's underlying claim—that his sentence to consecutive terms based on judge-found facts violates *Blakely*—is meritless. Thus, according to *Fretwell*, Evans cannot show the necessary prejudice for his claim of ineffective assistance of appellate counsel based on the failure to raise a now-meritless claim, regardless of the fact that the *Blakely* claim may have had merit at the time of Evans's appeal, because Evans cannot show that his appellate proceeding was "fundamentally unfair or unreasonable."[3] *Fretwell*, 506 U.S. at 369; *Hicks v. United States*, 122 F. App'x 253, 259 (6th Cir. 2005). A holding to the contrary would give Evans "a windfall to which the law does not entitle him." *Fretwell*, 506 U.S. at 370. Therefore, we conclude that Evans's ineffective-assistance-of-appellate-counsel claim must fail after the Supreme Court's decision in *Ice*.

### III. CONCLUSION

Because *Ice* forecloses Evans's ineffective-assistance-of-appellate-counsel claim, we **REVERSE** the district court's grant of a conditional writ of habeas corpus.

---

[3]The fact that *Foster* may still be good law in Ohio does not alter our conclusion. Evans has asserted only that his appellate counsel was ineffective for failing to raise a *Blakely* claim, not for failing to raise a *Foster* claim. *See*, *e.g.*, ROA at 8 (Pet. for Writ at 5). Indeed, Evans could not assert that appellate counsel was ineffective for failing to raise a *Foster* claim because *Foster* postdates Evans's direct appeal to the Eighth District. Thus, what effect *Ice* has on *Foster* is irrelevant to the current appeal, and we will not speculate on that issue.