KAREN NELSON MOORE, Circuit Judge,
concurring.
Although I concur with the majority’s denial of Nesser’s petition for writ of habe-as corpus, I disagree with its treatment of the case’s procedural history. I therefore write separately to make clear that by “vacat[ing] the [March 25, 2003] prior order of dismissal” and ordering that Nes-ser’s “matter ... proceed as if on initial appeal,” Joint Appendix (“J.A.”) Vol. I at 58, the Court of Appeals of Ohio treated the appeal commencing on June 17, 2005, as Nesser’s first appeal of right. As a result, the Ohio Court of Appeals’ subsequent dismissal of Nesser’s December 9, 2005 Rule 26(B) motion as res judicata was patently erroneous. See J.A. Yol. I at 93. At no other point would Nesser have been able to challenge the effectiveness of the appellate attorney who litigated his June 17, 2005 appeal and who failed to raise the Blakely-related claims.
Given that the June 17, 2005 appeal was Nesser’s appeal of right, Nesser had a right to effective assistance of counsel during that appeal. It is undisputed that Nesser’s appellate counsel failed to raise the Blakely-related claims currently before the panel, and Nesser now argues that the ineffective assistance of that counsel can serve as cause and prejudice to excuse his procedural default. Even assuming that his appellate counsel was deficient in failing to raise the Blakely-related claims, I agree with the majority that Nesser cannot show the necessary prejudice. Intervening controlling case law has held that “ ‘the Sixth Amendment does not exclude’ a state’s practice of requiring a judge to find certain facts before she [or he] can sentence a defendant to consecutive, rather than concurrent, terms of imprisonment,” which is the practice that Nesser challenges. Evans v. Hudson, 575 F.3d 560, 566 (6th Cir.2009) (quoting and discussing Oregon v. Ice, — U.S.—, 129 S.Ct. 711, 714-15, 172 L.Ed.2d 517 (2009)). For these reasons, I concur with the majority’s judgment and would deny Nesser’s petition.