THE STATE EX REL. SHACKLEFORD, APPELLANT, *v.* MOORE, WARDEN, APPELLEE.

[Cite as *State ex rel. Shackleford v. Moore,*
116 Ohio St.3d 310, 2007-Ohio-6462.]

(No. 2007–1360—Submitted November 28, 2007—Decided December 12, 2007.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because the appellant had an adequate remedy in the ordinary course of law to raise his claim, we affirm.

{¶ 2} In 2000, the Montgomery County Court of Common Pleas convicted appellant, Phillip G. Shackleford, of two counts of rape and accompanying firearm specifications and sentenced him to an aggregate prison term of 23 years. On appeal, the court of appeals affirmed. *State v. Shackleford* (May 4, 2001), Montgomery App. No. 18297, 2001 WL 468415. We did not accept Shackleford's further appeal for review. *State v. Shackleford,* 95 Ohio St.3d 1460, 2002-Ohio-2230, 767 N.E.2d 1178.

{¶ 3} In May 2007, Shackleford filed a petition in the Warren County Court of Appeals for a writ of habeas corpus to compel appellee, Lebanon Correctional Institution Warden Ernie Moore, to release him from prison. Shackleford claimed that the trial court improperly enhanced his sentence, relying on *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; and *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, among other cases. Moore filed a Civ.R. 12(B)(6) motion to dismiss Shackleford's petition for failure to state a claim upon which relief can be granted. The court of appeals granted the motion and dismissed the petition.

{¶ 4} In his appeal as of right, Shackleford contends that the court of appeals erred in dismissing his petition. For the following reasons, Shackleford's contention lacks merit.

{¶ 5} First, " '[w]e have consistently held that sentencing errors are not jurisdictional and are not cognizable in habeas corpus.' " *State ex rel. Sneed v. Anderson*, 114 Ohio St.3d 11, 2007-Ohio-2454, 866 N.E.2d 1084, ¶ 7, quoting *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038. Shackleford "has or had adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error." *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5.

{¶ 6} Second, in *Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 104, we limited the application of our holding—that certain sentencing statutes were unconstitutional because they required judicial fact-finding before imposition of a more severe sentence—to cases pending on direct review. In those cases in which *Foster* applied, we ordered new sentencing hearings rather than release from prison. We also did not hold that extraordinary relief in habeas corpus is available to rectify sentencing errors. See also *Wells v. Bradshaw*, Richland App. No. 06CA35, 2006-Ohio-4636, 2006 WL 2578358, ¶ 14–16 (*Foster* does not support habeas corpus claim). The decisions Shackleford relies on do not apply retroactively to cases that are already final on direct review. See generally *In re Dean* (C.A.11, 2004), 375 F.3d 1287, 1290; *Humphress v. United States* (C.A.6, 2005), 398 F.3d 855; *State v. Robinson*, Franklin App. No. 06AP–368, 2006-Ohio-6649, 2006 WL 3703977, ¶ 9 ("*Blakely* does not recognize a new federal or state right that applies retroactively").

{¶ 7} Finally, the fact that Shackleford has already unsuccessfully pursued a direct appeal of his sentence does not entitle him to the requested extraordinary relief. *Sneed*, 114 Ohio St.3d 11, 2007-Ohio-2454, 866 N.E.2d 1084, at ¶ 9, citing *Russell v. Mitchell* (1999), 84 Ohio St.3d 328, 703 N.E.2d 1249.

{¶ 8} Based on the foregoing, the court of appeals properly dismissed Shackleford's petition for a writ of habeas corpus. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Phillip G. Shackleford, pro se.

Marc Dann, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.