OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner, Ricky Lee Amstutz, has filed a petition for writ of habeas corpus against respondent, Michele Eberlin, Warden, Belmont Correctional Institution. Amstutz argues that he is being held in prison unlawfully because the sentencing court was without jurisdiction to impose non-minimum and/or consecutive sentences. Respondent has filed a motion to dismiss the petition.
 {¶ 2} On March 11, 1999, in Stark County Common Pleas Court, petitioner entered into a Crim.R. 11(F) plea agreement. Petitioner pleaded guilty to amended charges of involuntary manslaughter with a firearm specification in violation of R.C. 2903.04(A), a first-degree felony, and having weapons while under disability in violation of R.C.2923.13, a fifth-degree felony. Pursuant to an agreed upon sentence, the court sentenced petitioner to an aggregate fourteen-year term of imprisonment. The court sentenced petitioner to ten years in prison for the involuntary manslaughter conviction, three years for the attendant firearm specification, and one year for the having weapons while under disability conviction, ordering that each term be served consecutive to the other.
 {¶ 3} Since petitioner is incarcerated in the Belmont Correctional Institution, he has filed a petition for writ of habeas corpus with this court. He maintains that the sentencing court was without authority or jurisdiction to sentence him to more than minimum and/or consecutive sentences. In support, he cites, among other cases, Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435;Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403; United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621; and, ultimately, State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470.
 {¶ 4} Prior to the Ohio Supreme Court's ruling in Foster, the trial court was required to make certain factual findings on the record before imposing non-minimum and consecutive sentences. R.C. 2929.14(B) and (E)(4). However, in Foster, the Supreme Court held that this judicial fact-finding violated the defendant's right to a jury trial. Id. at ¶ 83. Therefore, the Court severed those portions of Ohio's sentencing statutes that required the trial court to engage in judicial fact-finding as *Page 2 
unconstitutional.
 {¶ 5} Here, petitioner cannot sustain a petition for writ of habeas corpus for four reasons. First and foremost, the Ohio Supreme Court has consistently held that sentencing errors are not jurisdictional and are not cognizable in habeas corpus. State ex rel. Shackleford v.Moore, 116 Ohio St.3d 310, 2007-Ohio-6462, 878 N.E.2d 1035, at ¶ 5. The Court has applied this specifically to Foster related claims. Id.
 {¶ 6} Second, petitioner's sentence was an agreed upon sentence. The trial court's judgment entry indicates that the fourteen-year prison term was agreed upon by both petitioner and prosecution, and the court adopted the joint recommendation. R.C. 2953.08(D)(1) states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." It has been repeatedly held that, "[a] sentence that is authorized by law, recommended jointly by defense and prosecution, and imposed by the sentencing judge is not subject to review." State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 24; State v.Porterfield, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25.
 {¶ 7} Third, perhaps because it was an agreed upon sentence, the trial court made absolutely no reference to any of the statutes that were declared unconstitutional in Foster. Nor did it make any findings that were previously required under those unconstitutional sections.
 {¶ 8} Fourth, Foster was limited only to those cases pending on direct review. Foster, 109 Ohio St.3d 1 at ¶ 104, 106. In those cases in whichFoster applied, the Court ordered new sentencing hearings rather than release from prison. It "also did not hold that extraordinary relief in habeas corpus is available to rectify sentencing errors."Moore, 116 Ohio St.3d 310, 2007-Ohio-6462, 878 N.E.2d 1035, at ¶ 6.
 {¶ 9} For the foregoing reasons, respondent's motion to dismiss is granted and petitioner's petition for writ of habeas corpus is hereby dismissed. *Page 3 
 {¶ 10} Costs taxed against petitioner. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.
Donofrio, J. concurs. Waite, J. concurs.
 DeGenaro, P.J. concurs. *Page 1