NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0190n.06

No. 07-3932

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 25, 2010
LEONARD GREEN, Clerk

DAVID A. NESSER, JR.                    :
                                        :
   Petitioner-Appellant,               :
                                        :
                                        :     ON APPEAL FROM THE UNITED
v.                                      :     STATES DISTRICT COURT FOR THE
                                        :     SOUTHERN DISTRICT OF OHIO
JEFFREY WOLFE, WARDEN,                   :
                                        :
   Respondent-Appellee.                :


BEFORE:  MOORE, KETHLEDGE, Circuit Judges; BERTELSMAN, District Judge.[*]

BERTELSMAN, District Judge:

Petitioner-Appellant, David A. Nesser, Jr., appeals the district court denial of his petition for habeas corpus relief under 28 U.S.C. § 2254.  Nesser was convicted in Ohio state court in 2002 for three counts of gross sexual imposition and sentenced to nine years' imprisonment.  Nesser contends that the district court erred in rejecting his claim that his sentence was unconstitutionally imposed, that his trial and appellate counsel were ineffective, and that any procedural defaults should be excused because he is actually innocent.

We **AFFIRM**.

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

No. 07-3932
*Nesser v. Wolfe, Warden*

## FACTUAL AND PROCEDURAL BACKGROUND

### A.      Ohio State Court Proceedings

Petitioner-Appellant, David A. Nesser, Jr. ("Nesser"), was indicted in August 2001 in Licking County, Ohio on three counts of gross sexual imposition involving a three-year-old boy in violation of Ohio Revised Code § 2907.05.[1]  A jury convicted Nesser of these charges, and he was sentenced on October 3, 2002 to three, three-year terms, to run consecutively.

Nesser's counsel filed a Notice of Appeal, but the appeal was dismissed for want of prosecution because Nesser's counsel failed to file an appellate brief.

On December 30, 2004, Nesser filed a *pro se* application to reopen his appeal on the grounds of ineffective assistance of counsel under Ohio Appellate Rule 26(B).  By entry dated February 15, 2005, the Ohio Court of Appeals granted Nesser's motion to reopen, vacated the prior order of dismissal, and ordered the case to proceed "as if on initial appeal."[2]

Nesser was appointed appellate counsel, who filed a brief on Nesser's behalf on June 17, 2005.  This brief stated one Assignment of Error: "The trial court erred in ordering consecutive service of Nesser's prison terms."  The brief did not raise a claim under *Blakely v. Washington*, 542 U.S. 296 (2004), which had been decided on June 24, 2004.

---

[1]The victim was the son of a woman with whom Nesser was living at the time.  At the time of these offenses, Nesser was on non-reporting probation for a felony conviction in Florida for "lewd and lascivious acts in front of a child."

[2]*See* Ohio Appellate Rule 26(B)(7).

2

On August 18, 2005, the Court of Appeals affirmed the trial court judgment. Nesser did not appeal to the Ohio Supreme Court.

On December 9, 2005, Nesser filed a second *pro se* motion to reopen his appeal under Ohio Appellate Rule 26(B). Therein, he raised new claims that his sentence was unconstitutional under *Blakely* and that his second appointed counsel was ineffective for failing to raise a *Blakely* issue in the reopened appeal. The Court of Appeals denied Nesser's motion as successive and barred by res judicata. Nesser filed a timely appeal of this denial to the Ohio Supreme Court, which the Court dismissed on March 29, 2006, as not involving any substantial constitutional question.[3]

In 2005, while his direct appeal was pending, Nesser filed three post-conviction petitions in the state trial court. The first, filed on June 3, 2005, argued that he had been denied effective assistance of trial counsel because his attorney failed to prepare for trial or interview witnesses. The trial court denied that petition on July 7, 2005. Nesser did not appeal from this denial.

On August 1, 2005, Nesser filed a second Motion for Post-Conviction Relief with the state trial court, arguing that his sentence violated *Blakely*. The trial court denied that motion, finding *Blakely* inapplicable and the motion barred by res judicata. Nesser did not appeal this ruling.

Finally, on April 4, 2006, Nesser filed a state habeas corpus petition in the Ohio Supreme Court, asserting that his sentence violated *Blakely*. On May 24, 2006, the Ohio Supreme Court dismissed that petition sua sponte.

---

[3]This appeal also attempted to raise issues included in the Ohio Court of Appeals decision of August 18, 2005.

## B.    Federal Court Proceedings

On June 30, 2006, Nesser filed the instant pro se petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence.  As grounds for this petition, Nesser alleges: (1) violation of *Blakely* and the Sixth Amendment because his sentence was based upon findings of the trial court alone; (2) denial of due process, equal protection and constitutional rights by the Ohio courts; (3) the decision of the Ohio Supreme Court in *State v. Foster*[4] violates due process and the separation of powers doctrine; (4) ineffective assistance of counsel; and (5) denial of constitutional rights because his trial was unfair and he is actually innocent.

On April 16, 2007, the United States Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Nesser's petition be denied and dismissed as unexhausted and procedurally defaulted.  As to Nesser's first three claims, which all substantively allege *Blakely* violations, the Magistrate Judge noted that Nesser had not raised any of these claims in his reopened state appeal; instead, he had argued only that his sentence was improper and disproportional given the seriousness of his offense and the danger he posed to the community.

However, the Magistrate Judge noted that Nesser, in his second motion to reopen his appeal, had alleged both that he was denied effective assistance of counsel in his reopened appeal and that his sentence violated *Blakely*.  Further, although Nesser, in his appeal to the Ohio Supreme Court, appeared to be attempting to appeal both the state appellate court's denial of his first appeal as well

---

[4]In *State v. Foster*, 845 N.E.2d 470 (2006), the Ohio Supreme Court declared unconstitutional Ohio statutes requiring judicial fact-finding before imposing maximum and consecutive prison terms.

as its denial of the second motion to reopen, such attempt to raise any *Blakely* issue therein would have been futile because the Ohio Supreme Court normally does not entertain claims not raised below. Thus, the Magistrate Judge noted that Nesser should be deemed to have exhausted his Ohio state court remedies for his *Blakely* claim.

However, the Magistrate Judge recommended that Nesser's *Blakely* claims were nonetheless procedurally barred because: (1) the Ohio Supreme Court refused to hear Nesser's *Blakely* claim in his January 17, 2006 appeal; (2) Nesser had not demonstrated cause for his failure to raise a *Blakely* claim in his reopened appeal; (3) although Nesser raised a *Blakely* claim in his August 1, 2005 post-conviction petition, the state trial court denied that claim, Nesser did not appeal, and Ohio does not permit delayed appeals in post-conviction proceedings; and (4) although Nesser raised a *Blakely* claim in his state habeas petition, Ohio does not permit issues that could have been litigated on appeal to be presented through a habeas petition.

As to Nesser's other claims, the Magistrate Judge recommended that they be dismissed because, although Nesser had raised them in his post-conviction proceedings, he never appealed the rulings disposing of them.

Nesser filed *pro se* objections to the R&R which, other than asserting actual innocence, made no substantive challenge to the Magistrate Judge's analysis.

By order dated June 19, 2007, the district court overruled Nesser's objections. The court noted that, while a claim of actual innocence can in some instances provide a basis for habeas relief even where the petition is otherwise procedurally barred, Nesser's assertion of innocence was not supported by the record at trial. That record, the district court recounted, contains explicit evidence

that Nesser did, in fact, commit the offenses for which he was charged and that he admitted the same to the detective who investigated the case. The district court thus dismissed Nesser's petition.

Nesser filed a timely notice of appeal, and the district court thereafter granted Nesser's motions for a certificate of appealability ("COA") and to proceed in forma pauperis.[5]

## *ANALYSIS*

This court reviews de novo the district court's dismissal of a petition for habeas corpus. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citation omitted).

### A.     **Exhaustion and Procedural Default**

"Ordinarily, state prisoners must exhaust available state remedies by, among other things, fairly presenting their federal claims to the state courts before petitioning for a federal writ of habeas corpus." *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citations omitted). "Due to longstanding policies of comity and respect between state and federal courts, a habeas petitioner must give the state courts the first opportunity to consider and rule upon the federal claims the prisoner wishes to use to attack his state court conviction." *Id.* (citation omitted).

"In situations in which a petitioner has failed to fairly present federal claims to the state courts, and a state procedural rule now prohibits the state court from considering them, the claims are considered procedurally defaulted." *Id.* (citation omitted). "While in such situations the exhaustion requirement is technically satisfied because there are no longer any state remedies

---

[5]Given that the district court dismissed Nesser's claims as procedurally defaulted, a recent decision of this court calls into question whether the COA should have been granted in this matter. *See Webb v. Mitchell*, 586 F.3d 383, 401 (6th Cir. 2009).

available to the petitioner . . ., the petitioner's failure to have the federal claims considered in the state courts results in a procedural default of those claims that bars federal court review." *Id.* (quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)).

A habeas petitioner procedurally defaults a claim if: (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default. *Webb*, 586 F.3d at 397 (citation omitted). *See also Palmer v. Bagley*, 330 F. App'x 92, 100 (6th Cir. 2009) ("The procedural default bar, as applied in the habeas context, 'precludes federal courts from reviewing claims that a state court has declined to address, because of a petitioner's noncompliance with a state procedural requirement.'") (quoting *Howard v. Bouchard*, 405 F.3d 459, 475 (6th Cir. 2005)), *petition for cert. filed*, (Dec. 16, 2009) (No. 09-8207).

**B.**     ***Blakely* Claims**

Here, the district court found that Nesser procedurally defaulted his three claims which are based on alleged violations of *Blakely*.

The record demonstrates that Nesser did not raise a *Blakely* claim in his reopened state appeal, although *Blakely* had been decided the previous year. Nor did Nesser take a timely appeal of the August 18, 2005 decision of the Ohio Court of Appeals affirming his sentence. As the respondent notes, had Nesser done so, his case may then have been pending on direct review at the time that the Ohio Supreme Court issued its *Foster* decision in 2006, and the Ohio Supreme Court might have reviewed his *Blakely* claim notwithstanding that it was not raised below. *See State v.*

*Buchanan*, No. 05 MA 60, 2006 Ohio App. LEXIS 5649, at *18-*21 (Ohio App. Oct. 26, 2006).

Because Nesser failed to take an appeal, however, such review was and is not available.  *See State*

*v. Silsby*, 894 N.E.2d 667, 670 (Ohio 2008) (review of alleged *Foster* sentencing error not available

in delayed appeal where action was not pending on direct review at the time *Foster* was decided).

Nesser also has not demonstrated cause for his failure to raise a *Blakely* claim in his reopened

appeal.  Nesser argues that his second appointed appellate counsel was ineffective for failing to argue

that the fact-finding engaged in by the state trial judge as a basis for imposing consecutive sentences

was improper.  We conclude, however, that Nesser cannot show the necessary prejudice for an

ineffective assistance of counsel claim because intervening controlling case law has held that the

Sixth Amendment does not exclude a state's practice of requiring a judge to find certain facts before

he sentences the defendant to consecutive, rather than concurrent, terms of imprisonment.  *See Evans*

*v. Hudson*, 575 F.3d 560, 566 (6th Cir. 2009) (discussing *Oregon v. Ice*, __ U.S. __, 129 S. Ct. 711

(2009)).[6]

Nesser also procedurally defaulted his *Blakely* claim in his state post-conviction proceedings.

Although raised in his August 1, 2005 Motion for Post-Conviction Relief, Nesser's *Blakely* claim

was rejected by the state trial court, and Nesser failed to appeal that ruling.  He can no longer do so

---

[6]We therefore need not reach the adequacy of the Ohio Court of Appeals's ruling that Nesser's second motion to reopen was improperly "successive."  We also decline to reach the issue of whether a constitutionally-imposed right to counsel even attached to the proceedings pursuant to Nesser's reopened appeal under Ohio Rule of Appellate Procedure 26(B).  *See Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005) (*en banc*); *Morgan v. Eads*, 818 N.E.2d 1157 (Ohio 2004).  In those cited cases, this court and the Ohio Supreme Court respectively held that Rule 26(b) proceedings are collateral, post-conviction proceedings, rather than part of the direct criminal appeal, and that there is thus no right to appointed counsel therein.

because Ohio does not permit delayed appeals in post-conviction proceedings, and this is an adequate and independent ground upon which to deny relief. *See Stojetz v. Ishee*, 389 F. Supp.2d 858, 885-86 (S.D. Ohio 2005) (citing *State v. Nichols*, 463 N.E.2d 375, 378 (Ohio 1984)).

Finally, although Nesser asserted a *Blakely* claim in his state habeas petition filed on April 4, 2006, it is well-established under Ohio law that sentencing errors are not jurisdictional and thus are not cognizable in state habeas petitions. *State ex rel Shackleford v. Moore*, 878 N.E.2d 1035, 1036 (Ohio 2007) (citing earlier cases so holding). Rather, such errors must be raised via appeal or in post-conviction proceedings. *Id.*

For these reasons, the district court correctly held that Nesser is procedurally barred from seeking federal habeas relief based on alleged violations of *Blakely*.

**C.      Ineffective Assistance of Trial Counsel**

Nesser also procedurally defaulted his claim for ineffective assistance of trial counsel, the fourth basis for his petition in this matter. Although he raised this claim in his first post-conviction proceeding, he failed to appeal from the state trial court's denial of his motion. As already noted, Nesser may not take a delayed appeal from that denial.

**D.      "Actual Innocence"**

An exception to the bar of exhaustion and procedural default exists in "exceedingly narrow" circumstances where a "petitioner can show that a constitutional violation has probably resulted in the conviction of a factually innocent person." *Pudelski v. Wilson*, 576 F.3d 595, 606 n.2 (6th Cir. 2009) (citation omitted). To establish a claim of actual, factual innocence, the petitioner must present new evidence that shows that it is more likely than not that no reasonable juror would have

convicted him in the light of the new evidence. *Id.* (citation omitted). This standard is "demanding and permits review only in the 'extraordinary' case." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)).

Nesser presented to the district court no new evidence, much less evidence which would make it more likely than not that a reasonable jury would not have convicted him in light thereof. Nesser merely reargued the evidence that was before the Ohio jury in a light which, he argues, suggests his innocence. The district court noted that such a showing was insufficient, and that the record contained strong evidence of Nesser's guilt, including his confession.

The district court thus correctly rejected Nesser's claim of actual innocence as a basis for his petition.

For the foregoing reasons, we AFFIRM.

**KAREN NELSON MOORE, Circuit Judge, concurring.** Although I concur with the majority's denial of Nesser's petition for writ of habeas corpus, I disagree with its treatment of the case's procedural history. I therefore write separately to make clear that by "vacat[ing] the [March 25, 2003] prior order of dismissal" and ordering that Nesser's "matter . . . proceed as if on initial appeal," Joint Appendix ("J.A.") Vol I at 58, the Court of Appeals of Ohio treated the appeal commencing on June 17, 2005, as Nesser's first appeal of right. As a result, the Ohio Court of Appeals' subsequent dismissal of Nesser's December 9, 2005 Rule 26(B) motion as res judicata was patently erroneous. *See* J.A. Vol. I at 93. At no other point would Nesser have been able to challenge the effectiveness of the appellate attorney who litigated his June 17, 2005 appeal and who failed to raise the *Blakely*-related claims.

Given that the June 17, 2005 appeal was Nesser's appeal of right, Nesser had a right to effective assistance of counsel during that appeal. It is undisputed that Nesser's appellate counsel failed to raise the *Blakely*-related claims currently before the panel, and Nesser now argues that the ineffective assistance of that counsel can serve as cause and prejudice to excuse his procedural default. Even assuming that his appellate counsel was deficient in failing to raise the *Blakely*-related claims, I agree with the majority that Nesser cannot show the necessary prejudice. Intervening controlling case law has held that "'the Sixth Amendment does not exclude' a state's practice of requiring a judge to find certain facts before she [or he] can sentence a defendant to consecutive, rather than concurrent, terms of imprisonment," which is the practice that Nesser challenges. *Evans v. Hudson*, 575 F.3d 560, 566 (6th Cir. 2009) (quoting and discussing *Oregon v. Ice*, – U.S. –, 129

11

No. 07-3932
*Nesser v. Wolfe, Warden*

S. Ct. 711, 714–15 (2009)).  For these reasons, I concur with the majority's judgment and would

deny Nesser's petition.