Lanzinger, J.,
dissenting.
*103 {¶ 41} I respectfully dissent from today’s decision and its limitation of a defendant’s right to appeal after obtaining resentencing of a “void” sentence. Unless we were to frankly overrule the aberrant cases on void sentences, I would accept the appellant’s proposition of law and reverse the judgment of the court of appeals.
{¶ 42} The majority holds that void sentences are “not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack.” But it holds further that “[although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.” In other words, a sentence that is “void” because of an error in imposing postrelease control is now only “partially void.”
{¶ 43} Consequently, an appeal may be taken of any postrelease-control error at any time, but apparently the court of appeals is to correct only the erroneous portion of the sentence, rather than conduct a de novo sentencing hearing. This holding effectively overrules the second sentence of the syllabus in State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.[3]
{¶ 44} I respectfully dissent because I believe that it would be more sensible for us to completely abandon Bezak, and its progeny and instead hold that these errors are correctable on direct appeal within the usual time for appellate review. This approach honors Ohio legal precedent, promotes judicial economy, and treats both the state and defendants equally and fairly.
I. The Majority Has Redefined the Term “Void”
{¶ 45} Before the line of cases starting a mere three years ago with Bezak, this court repeatedly held that sentencing errors are nonjurisdictional and that these errors are properly corrected on appeal. See State ex rel. Shackleford v. Moore, 116 Ohio St.3d 310, 2007-Ohio-6462, 878 N.E.2d 1035, ¶ 5; Childers v. Wingard (1998), 83 Ohio St.3d 427, 428, 700 N.E.2d 588; Majoros v. Collins (1992), 64 Ohio St.3d 442, 443, 596 N.E.2d 1038; Blackburn v. Jago (1988), 39 Ohio St.3d 139, 529 N.E.2d 929. A sentence is not “void ab initio” if a mistake was made during its imposition; it is voidable. “Void” and “voidable” are fundamental legal terms. *104 In 2007, we set forth clear definitions of those terms in State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27.[4]
{¶ 46} Within the past year, a unanimous United States Supreme Court also had no trouble in defining the term “void”: “A void judgment is a legal nullity. See Black’s Law Dictionary 1822 (3d ed.1933); see also id., at 1709 (9th ed.2009). Although the term ‘void’ describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally id., § 12.” United Student Aid Funds, Inc. v. Espinosa (2010), — U.S.-, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158. The court’s opinion continues: “ A judgment is not void, ’ for example, ‘simply because it is or may have been erroneous.’ ” (Emphasis added.) Id., quoting Hoult v. Hoult (C.A.1, 1995), 57 F.3d 1, 6.
{¶ 47} Redefinition of the term “void” to include sentences containing errors in postrelease control is an entirely unnecessary reaction to the consequences of the “modern era”[5] cases relied on in the majority opinion. According to these recent cases, a sentence is void, i.e., a nullity, and everything that occurs after the sentence is also a nullity, until a valid sentencing occurs. See State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 14-21. Logically, then, the void-sentence doctrine should allow defendants to pursue a second direct appeal after a resentencing, since the resentencing is the first “valid” sentence.
{¶ 48} A more troublesome part of the majority’s holding is that although the sentence remains “void,” a defendant will not receive the benefit of the resentenc-ing mandated by R.C. 2929.19, which protects defendants’ due process rights.[6]
*105 II. Sentencing Errors Are Correctable on Direct Appeal
{¶ 49} An approach that deems certain sentences “illegal” or “partially void” is ill-suited for Ohio law. A close reading of cases from other jurisdictions cited in the majority opinion reveals that the cited cases arise from a variety of factual circumstances and procedural postures far removed from a judge’s error in imposing postrelease control. Many of these jurisdictions rely upon statutes or rules that give their courts the power to review erroneous or “illegal” sentences at any time. The majority’s approach has been rejected by the federal courts, which now correct sentencing errors with the method used by Ohio prior to Bezak.
{¶ 50} More than two decades ago, language was eliminated from the federal rules that allowed courts to correct an “illegal sentence” at any time. P.L. No. 98-473, 98 Stat. 2015. Fed.R.Crim.P. 35(a) now provides, “Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.” However, if a federal sentencing error is not correctable under this rule or under Fed.R.Crim.P. 36 as a clerical error, it may be corrected only on direct appeal or, in limited cases, by a writ of habeas corpus under Section 2255, Title 28, U.S.Code. See generally United States v. Collins (Apr. 26, 2010), N.D.Ill. No. 04 CR 709, 2010 WL 1727852. Rather than follow a system rejected by the federal courts, it would be more “palatable” to follow the current federal system that has been in place since 1987.[7]
{¶ 51} Ohio’s rules and statutes currently do not allow for correction of sentences “at any time.” Thus, sentencing errors must be corrected on direct appeal. Indeed, this method is consistent with the statute governing appellate review of sentences. R.C. 2953.08(G) does allow appellate courts a number of options to correct sentences that fail to comply with statutory requirements. But that statute also properly limits these options so that courts may exercise them only on direct appeal. This ensures finality in sentencing while still allowing for the correction of any errors as part of an appeal as of right, either by the defendant or the state.
III. A Return to Historical Distinctions Will Promote Justice and Finality
{¶ 52} It is time to return to the historic, narrow, and accurate view of void judgments as being those rendered without jurisdiction. See Ex parte Winslow *106 (1915), 91 Ohio St. 328, 330, 110 N.E. 539 (if a court did not act under a statute, the sentence was erroneous and voidable, not void); Stahl v. Currey (1939), 135 Ohio St. 253, 14 O.O. 112, 20 N.E.2d 529 (jail sentence imposed by a magistrate who is not statutorily authorized to impose such a sentence is not void, but only voidable, because the magistrate did not wholly lack jurisdiction to impose a sentence); Carmelo v. Maxwell (1962), 173 Ohio St. 569, 570, 20 O.O.2d 170, 184 N.E.2d 405 (a sentence imposed contrary to the terms of a statute is not void). Limiting the term “void” to cases in which a court acts without jurisdiction is a deeply rooted concept in this court’s decisions and was the law of Ohio in regard to sentencing errors as recently as 2007. This approach' — not a repackaging of the void-sentence doctrine — honors Ohio precedent.
{¶ 53} The real question here is “What is the proper remedy when a judge makes a sentencing mistake?” Our sentencing statutes recognize the possibility that a judge may err in sentencing by allowing parties 30 days to appeal sentences on grounds that they are contrary to law.[8] Allowing for challenges to sentencing error on direct appeal gives the state and the defense ample opportunity to draw attention to any potential postrelease-control error, thus satisfying any constitutional concerns arising from an imperfect sentence. Licensed attorneys should be competent to perform their duties during a sentencing hearing, and it is not unreasonable for prosecutors and defense counsel to review the judgment issued in a case to ensure that the sentence complies with Ohio law. This approach is the pragmatic approach — equitable, economical, and efficient. Most importantly, it is the approach contained in Ohio’s sentencing scheme, which provides for direct appeal by either party in a criminal case. See R.C. 2953.08.
{¶ 54} The majority has essentially elevated postrelease-control mistakes to the level of “super-error” to allow untimely challenges to parts of the sentence that could very easily be brought on direct appeal and corrected as other sentencing errors are. While it is critical that sentences comply with statutory mandates, any concern over mistakes omitting mandatory postrelease control could easily be obviated if all prosecutors and defense attorneys attended the sentencing hearings and reviewed the sentencing entries in their cases.
{¶ 55} The General Assembly has created a prospective remedy for the problem of postrelease-control notification by enacting R.C. 2929.191, but according to our holdings in State v. Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, the rules announced today apply to sentences imposed before July 11, 2006.
*107 Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Heaven DiMartino, Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Claire R. Cahoon, Assistant Public Defender, for appellant.
Kelly R. Curtis, urging reversal for amicus curiae Ohio Association of Criminal Defense Attorneys.
Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, urging reversal for amicus curiae Cuyahoga County Public Defender.
Mathias J. Heck Jr., Montgomery County Prosecuting Attorney, and Carly J. Ingram, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.
{¶ 56} It is hoped that this decision today is truly limited to a discrete vein of cases: those “in which a court does not properly impose a statutorily mandated period of postrelease control,” in other words, only those cases in which the state has not obtained a mandatory monitoring period in addition to a defendant’s prison sentence. My fear is that the broad language in the majority opinion has the potential to apply to other statutory mandates, creating other “void” sentences that may be infinitely appealable, and then modified without a full rehearing under R.C. 2929.19(A).
IV. Conclusion
{¶ 57} We can easily correct the problems arising from the void-sentence doctrine by simply clarifying that mistakes in imposing sentences make the sentence merely voidable, that is, subject to being reversed on direct appeal. I therefore respectfully dissent.

. Notably, this also overrules paragraph one of the syllabus in last year’s decision in State v. Singleton, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958 (“For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio”).

. Although the majority cites State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 103, as an example of this court’s using the term “void” in reference to judgments containing nonjurisdictional errors, both the majority and concurring opinions in Payne corrected this mistake. See Payne, at ¶ 27-30, and at ¶ 32-35 (Lanzinger, J., concurring).

. The earliest of these cases, State v. Beasley (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774, summarily held a sentence imposing less than a mandatory minimum to be void. State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, the first postrelease-control case, was decided in 2004.

. R.C. 2929.19(A) states, “The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender * * *. At the hearing, the offender, the prosecuting attorney, the victim or the victim’s representative * * * and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the ease. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.” (Emphasis added.)

. See United States v. Terzado-Madruga (C.A.11, 1990), 897 F.2d 1099, 1123 (“The effective date of the Sentencing Reform Act of 1984, Pub.L. 98-473, 98 Stat. 1837, 1987 (1984) was set out in Sec. 235(a)(1), which provided for the Act to take effect on November 1, 1987. Pub.L. 98-473, Title II, Ch. II, Sec. 235(a)(1), October 12, 1984, 98 Stat. 2031, as amended by Section 4 of Pub.L. 99-217, December 26, 1985, 99 Stat. 1728”).

. R.C. 2953.08(B)(2) provides prosecutors with an appeal as a matter of right in felony cases on grounds that the sentence is contrary to law. R.C. 2953.08(A)(4) provides defendants with the same right to appeal.