Lanzinger, J.,
dissenting.
{¶ 35} I respectfully dissent. I would reaffirm this court’s commitment to principles of res judicata and hold that the sentence imposed on appellant, Cameron D. Williams, is not void. The majority cannot expect its opinion to “clarify the path going forward for lawyers, litigants, and judges of our state,” majority opinion at ¶ 34, when it further complicates the unusual void-sentence line of cases that continues to play havoc with our jurisprudence.
{¶ 36} This case provides an opportunity for the court to truly limit its unusual conception of void sentences to postrelease-control-control cases, as it appeared to do in State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 (“Our decision today is limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control.” Id. at ¶ 31). For clarification, the court has the opportunity to, at least with regard to non-postrelease-control cases, return to our previous precedent that recognized the traditional definitions of void and voidable error. See State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. We could reaffirm the principle of res judicata, a doctrine that “promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard.” State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

Problems with the majority’s approach

{¶ 37} I cannot see how imposing concurrent prison terms for allied offenses renders a sentence void when we have stated that a sentencing court’s error in determining that offenses are not allied does not render the resulting sentence void. See State v. Holdcroft, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8. It seems illogical that a defendant who is sentenced for allied offenses that should have been merged but who fails to raise the issue on direct appeal is out of luck, yet one whose sentences for allied offenses are run concurrently after merger is serving a void sentence and thus is not precluded from challenging the sentence after direct appeal.
{¶ 38} I have consistently maintained my position that this court has erroneously held that errors in sentencing render a sentence void, subject to collateral attack at any time, when at most, the error was voidable, subject to correction on direct appeal. See, e.g., State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 44-49 (Lanzinger, J., dissenting); State v. Boswell, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 17-18 (Lanzinger, J., dissenting); Fischer, *413 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 45 (Lanzinger, J., dissenting); In re J.S., 136 Ohio St.3d 8, 2013-Ohio-1721, 989 N.E.2d 978, ¶ 12-13 (Lanzinger, J., dissenting).
{¶ 39} The issue is more than mere semantics. Before the postrelease-control cases, our case law was clear on which errors were void and which were voidable.

Our precedent on void/voidable

{¶ 40} Under traditional jurisprudence, sentencing errors were not jurisdictional. See Ex Parte Shaw, 7 Ohio St. 81 (1857). In Shaw, the trial court erred in imposing a one-year sentence for horse stealing when, by statute, the sentence was required to be for a period of not less than three years. This court explained: “The court had jurisdiction over the offense and its punishment. It had authority to pronounce sentence; and while in the legitimate exercise of its power, committed a manifest error and mistake in the award of the number of years of the punishment. The sentence ivas not void, but erroneous.” (Emphasis added.) Id. at 82.
{¶ 41} In another case, this court refused to grant a writ of habeas corpus to a prisoner who claimed that he had been improperly sentenced to an indeterminate term of imprisonment for a burglary offense. Ex parte Winslow, 91 Ohio St. 328, 110 N.E. 539 (1915). This court stated:
If the court in sentencing him did not act under [the burglary] statute, but sentenced him under another statute, which for the purposes of this case may be conceded to have been invalid, the sentence was erroneous and voidable but not void. The error was not a jurisdictional one * * *.
Id. at 330. The holding that sentencing errors were voidable but not void was reiterated a number of times. See Ex parte Van Hagan, 25 Ohio St. 426, 432 (1874) (“The punishment inflicted by the sentence, in excess of that prescribed by the law in force, was erroneous and voidable, but not absolutely void”); Stahl v. Currey, 135 Ohio St. 253, 20 N.E.2d 529 (1939) (jail sentence imposed by a justice of the peace who exceeded her statutory authority was not void but only voidable because she did not wholly lack jurisdiction to impose a sentence); Carmelo v. Maxwell, 173 Ohio St. 569, 570, 184 N.E.2d 405 (1962) (a sentence imposed contrary to the terms of a statute is not void). Thus, limiting the term “void” to cases in which a court acts without jurisdiction is a concept deeply rooted in this court’s decisions.
{¶ 42} And when we held that a court did act without jurisdiction, we unanimously held that the sentence imposed was void and that the prisoner was entitled to release in a habeas corpus proceeding. In re Lockhart, 157 Ohio St. *414 192, 193, 105 N.E.2d 35 (1952). William Lockhart, charged by a Pike County deputy sheriff with a misdemeanor for manufacturing intoxicating liquor for sale, was brought before a justice of the peace who fined him $500 and sentenced him to six months in the Cincinnati Workhouse. We held that Lockhart was entitled to a writ of habeas corpus, stating that “the only jurisdiction that court had was to ‘require the accused to enter into a recognizance to appear before the proper court.’ ” Id. at 194-195, quoting G.C. 13433-9. Because the justice of the peace did not have jurisdiction to find the defendant guilty and to impose sentence, “what was done in those respects was a nullity.” Id. at 195. Once again, we recognized that “[a] real and dear cut distinction exists between a void judgment and one which is merely irregular or erroneous.” (Emphasis added.) Id.
{¶ 43} In habeas cases, we have held repeatedly that sentencing errors are nonjurisdictional and that these errors are properly corrected on appeal. See State ex rel. Shackleford v. Moore, 116 Ohio St.3d 310, 2007-Ohio-6462, 878 N.E.2d 1035, ¶ 5; Childers v. Wingard, 83 Ohio St.3d 427, 428, 700 N.E.2d 588 (1998); Majoros v. Collins, 64 Ohio St.3d 442, 443, 596 N.E.2d 1038 (1992); Blackburn v. Jago, 39 Ohio St.3d 139, 529 N.E.2d 929 (1988).
{¶ 44} Thus, until recently, our precedent held that sentencing errors are to be corrected on appeal and are not jurisdictional ei-rors. A finding that a sentence was “contrary to law” or “unauthorized by law” meant that the sentence could be corrected as a voidable sentence, rather than that it was a void sentence (i.e., a nullity because of lack of jurisdiction) that could be collaterally attacked at any time.
{¶ 45} We held to this traditional approach as late as 2007, when we explained:
In reality, void and voidable sentences are distinguishable. A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. State v. Wilson (1995), 73 Ohio St.3d 40, 44, 652 N.E.2d 196. Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously. State v. Filiaggi (1999), 86 Ohio St.3d 230, 240, 714 N.E.2d 867.
Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 27.

Postrelease-control cases

{¶ 46} This court’s departure from these clear principles started with the attempts to remedy a trial court’s error in imposing postrelease control as part of a sentence or in failing to impose mandatory postrelease control. See Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568. Postrelease control had *415 been added as part of the comprehensive changes to criminal sentencing in Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, effective July 1, 1996. This court held that postrelease control was part of the sentence and that a trial court was required to notify a defendant that the additional monitoring period was part of the sentence. Woods v. Telb, 89 Ohio St.3d 504, 513, 733 N.E.2d 1103 (2000).
{¶ 47} A recurring problem was that trial courts were improperly imposing mandatory postrelease control by failing to give notice that it was part of a defendant’s sentence either at the sentencing hearing or in the sentencing entry. This court’s solution was to declare such sentences void. See State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16. This court acknowledged that the effect of determining that the sentence was void was that the parties were placed in the same position as if no sentencing had occurred. Id. at ¶ 12, citing Romito v. Maxwell, 10 Ohio St.2d 266, 267-268, 227 N.E.2d 223 (1967). And because these sentences were void, they could be challenged on direct appeal and in a collateral attack. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568.
{¶ 48} At first, the remedy for the error in imposing postrelease control required a complete resentencing. Bezak at ¶ 16 (“When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense”); Simpkins at ¶ 6 (in cases in which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed, unless the defendant has completed his sentence).
{¶ 49} In response to these postrelease-control cases, the General Assembly enacted R.C. 2929.191, Am.Sub.H.B. No. 137, 151 Ohio Laws, Part IV, 7622, effective July 11, 2006, which authorizes a judge to correct a sentence when an offender was not properly notified of mandatory postrelease control or did not have mandatory postrelease control included in the sentencing entry. According to R.C. 2929.191(A)(1), the court, “at any time before the offender is released from imprisonment under [the prison] term,” may prepare and issue a “correction” to the judgment entry of conviction that includes a period of postrelease control after the offender leaves prison. The court must hold a hearing to notify the defendant beforehand. R.C. 2929.191(C).
{¶ 50} This court attempted to put an end to postrelease-control problems in Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. First, the court limited the subject matter of its holding:
*416 [I]n cases in which a trial judge does not impose postrelease control in accordance with statutorily mandated terms * * *, the sentence is void. Principles of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.
Id. at ¶ 30.
{¶ 51} Fischer then tried to end the confusion in the void-voidable area by stating, “Our decision today is limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control.” Id. at ¶ 31. The court concluded optimistically that “it is likely that our work in this regard is drawing to a close, at least for purposes of void sentences.” Id. The Fischer majority was very much mistaken on that point.

Beyond the postrelease-control cases

{¶ 52} Despite the reassuring language, the court proceeded to expand Fischer ⅛ holding over the course of the next two years in State v. Harris, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 15 (holding that a sentence was void in part for failure to include a mandatory driver’s license suspension); State v. Billiter, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 13 (holding that res judicata did not bar a defendant from arguing that his guilty plea to a charge of escape was void due to a postrelease-control sentencing error); and State v. Moore, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 14 (holding that the failure to impose a mandatory fine when no affidavit of indigency had been filed renders that part of the sentence void).
{¶ 53} And now the majority in this case offers some alarming language:
[T]he power to define criminal offenses and prescribe punishment is vested in the legislative branch of government and * * * courts may impose sentences only as provided by statute. State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 21-22. Because “[n]o court has the authority to impose a sentence that is contrary to law,” id. at ¶ 23, when the trial court disregards statutory mandates, “[p]rinciples of res judicata, including the doctrine of the law of the case, do not preclude appellate review. The sentence may be reviewed at any time, on direct appeal or by collateral attack.” Id. at ¶ 30.
(Emphasis added.) Majority opinion at ¶ 22.
{¶ 54} The problem here is that the quotations have been taken out of context and their meanings have been expanded beyond the original intent. Both *417 quotations from Fischer in the above-quoted passage from the majority opinion come from paragraphs that specifically mention postrelease-control sanctions, the express subject of the Fischer opinion. As quoted by the majority, however, Fischer appears to say that any sentencing error or any failure to comply with a statutory provision makes a sentence void and subject to correction at any time. If a court has no “authority” to commit mistakes when following a statute, such as when it imposes concurrent sentences for allied offenses, the sentences are “nullities or void.” What additional mistakes by a trial court will be considered “super errors” and subject to correction at any time?
{¶ 55} Erroneous judgments, procedural mistakes, and sentencing errors can all arise because a mandatory statutory requirement was not followed. But these errors are not necessarily the result of attempts to act without authority or to disregard statutory requirements. The majority’s position regarding void sentences relies on a prior case in which this court stated that “[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.” (Emphasis added.) State v. Beasley, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). To me, this statement in Beasley bespeaks a certain intent, suggesting that the sentencing court had knowledge of a statutory requirement and yet attempted to circumvent it. Attempting to disregard a statute is not the same as making an inadvertent error.
{¶ 56} This understanding comports with the reasoning of the United States Supreme Court, which concluded unanimously:
A void judgment is a legal nullity. See Black’s Law Dictionary 1822 (3d ed.1933); see also id., at 1709 (9th ed.2009). Although the term “void” describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally id., § 12. * * *
“A judgment is not void, ” for example, “simply because it is or may have been erroneous.” Hoult v. Hoult, 57 F.3d 1, 6 (C.A.1 1995); 12 J. Moore et al., Moore’s Federal Practice § 60.44[1][a], pp. 60-150 to 60-151 (3d ed. 2007) * * *.
(Emphasis added.) United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).
{¶ 57} The majority’s position that a sentence that does not comply with statutory mandates may be corrected at any time is inconsistent with federal jurisprudence. As I previously noted,
*418 More than two decades ago, language was eliminated from the federal rules that allowed courts to correct an “illegal sentence” at any time. P.L. No. 98-473, 98 Stat. 2015. Fed.R.Crim.P. 35(a) now provides, “Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.” However, if a federal sentencing error is not correctable under this rule or under Fed.R.Crim.P. 36 as a clerical error, it may be corrected only on direct appeal or, in limited cases, by a writ of habeas corpus under Section 2255, Title 28, U.S.Code. See generally United States v. Collins (Apr. 26, 2010), N.D.Ill. No. 04 CR 709, 2010 WL 1727852.
Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 50 (Lanzinger, J., dissenting).
{¶ 58} Ohio’s rules and statutes do not allow for correction of sentences “at any time.” Both the state and the defendant have the right to appeal sentences on grounds that the “sentence is contrary to law.” R.C. 2953.08(B)(2) and 2953.08(A)(4). However, both parties are expected to follow the time limits expressed in R.C. 2953.08(E). That means, within 30 days from the entry of the judgment of conviction, a party who wishes to challenge a sentence must file an appeal. App.R. 4(A). Sentences are considered res judicata if no appeal is taken within that time. See Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at ¶ 19 (a sentence from which no direct appeal is taken is considered res judicata).
{¶ 59} R.C. 2953.08(G) does allow appellate courts a number of options to correct sentences that fail to comply with statutory requirements. But that statute also properly limits these options so that courts may exercise them only on direct appeal. This ensures finality in sentencing while still allowing for the correction of any errors as part of an appeal as of right, either by the defendant or the state. I respectfully object to the majority’s using our constitutional power under Article IY, Section 2(B)(2)(f) for sentencing-error correction.

Resolving the confusion

{¶ 60} A quick summary of some of this court’s cases on the postrelease-control front shows that the court has not been consistent on these issues. See Hernandez v. Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301 (defendant incarcerated for violating the terms of postrelease control granted a writ of habeas corpus because notification and inclusion of postrelease control in sentencing entry was absent and sentence had expired); Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78 (prisoners incarcerated for violating *419 terms of postrelease control were not entitled to habeas corpus relief even though the sentencing entries contained errors in the imposition of postrelease control); State v. Boswell, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422 (cause remanded to the trial court to consider defendant’s motion to withdraw his guilty plea under the standard applicable to presentence motions because he was improperly advised of postrelease control and the sentencing entry failed to include it); Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 (portion of sentence that failed to impose statutorily mandated postrelease control is void and res judicata applies to defendant’s remaining claims); State v. Qualls, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718 (omission of postrelease control from sentencing entry correctible with nunc pro tunc entry).
{¶ 61} Nor have the non-postrelease-control eases been consistent. Harris, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509 (failure to include mandatory driver’s license suspension makes that part of the sentence void); State v. Joseph, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278 (sentence imposing costs is not void when court fails to inform the defendant at the sentencing hearing that costs will be imposed); Moore, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432 (failure to include mandatory fine when affidavit of indigency not filed renders that part of the sentence void).
{¶ 62} The majority opinion, in my view, rather than “clarifying] the path going forward,” lurches in yet a new direction. Declaring that failure to properly merge allied offenses causes a sentence to be void, or partly void, the court uses language that may be stretched to say that any mistake in sentencing results in a void or at least partly void sentence. On this point, res judicata is nearly dead.
{¶ 63} It is no news that the appellate courts have noted inconsistencies in this court’s application of the void and voidable concepts and in response have called for continuity. See, e.g., State v. Holcomb, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077 (9th Dist.); State v. Walker, 5th Dist. Richland No. 15CA104, 2016-Ohio-1462, 2016 WL 1378353; State v. Mitchell, 187 Ohio App.3d 315, 2010-Ohio-1766, 931 N.E.2d 1157 (6th Dist.).
{¶ 64} The Ninth District in Holcomb noted that in 1998, this court departed from traditional application of the void and voidable principles by holding that because a three-judge panel in a capital case had not followed specific statutory requirements, “ ‘there has been no valid conviction and [the defendant’s] sentence is therefore void.’ ” Id. at ¶ 11, quoting State v. Green, 81 Ohio St.3d 100, 105, 689 N.E.2d 556 (1998). But when it recognized the mistake six years later, this court was willing to correct itself: “[D]espite our language in Green that the specified errors rendered the sentence ‘void,’ the judgment was voidable and properly challenged on direct appeal.” (Emphasis added.) Kelley v. Wilson, 103 Ohio St.3d 201, 2004-Ohio-4883, 814 N.E.2d 1222, ¶ 14.
*420 {¶ 65} It is time for this court to end the confusion for judges who are wrestling with the review of these sentencing issues. We should make clear that unless a court acts outside the bounds of its authority, the failure to properly sentence a defendant is at most an error in the exercise of jurisdiction. A prisoner serving a truly void sentence is entitled to be released through a writ of habeas corpus or granted postconviction relief under R.C. 2953.21. Voidable sentences, on the other hand, may be modified or corrected within the time limits provided for appeal pursuant to App.R. 4(A), clerical error pursuant to Crim.R. 36, or postconviction relief pursuant to R.C. 2953.21.
{¶ 66} Not long ago, in a dissenting opinion, I suggested an alternative to the majority’s approach:
The real question here is: “What is the proper remedy when a judge makes a sentencing mistake?” Our sentencing statutes recognize the possibility that a judge may err in sentencing by allowing parties 30 days to appeal sentences on grounds that they are contrary to law. Allowing for challenges to sentencing error on direct appeal gives the state and the defense ample opportunity to draw attention to any potential postrelease-control error, thus satisfying any constitutional concerns arising from an imperfect sentence. Licensed attorneys should be competent to perform their duties during a sentencing hearing, and it is not unreasonable for prosecutors and defense counsel to review the judgment issued in a case to ensure that the sentence complies with Ohio law. This approach is the pragmatic approach — equitable, economical, and efficient. Most importantly, it is the approach contained in Ohio’s sentencing scheme, which provides for direct appeal by either party in a criminal case. See R.C. 2953.08.
(Footnote omitted and emphasis sic.) Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 53 (Lanzinger, J., dissenting).
{¶ 67} The label “void” should not be pasted on anytime the court wishes to modify an error outside the 30-day appeal window. Williams’s sentence was imposed over eight years ago and has been repeatedly reviewed. Athough the trial court erred in imposing separate, concurrent sentences for allied offenses, the trial court did not wholly lack jurisdiction or authority to impose sentence. Thus, this was a voidable sentence, not a void sentence. The doctrine of res judicata does not allow a sentence to be attacked indefinitely.
{¶ 68} Because I would restore the traditional concepts of void and voidable sentences, I respectfully dissent.
French, J., concurs in the foregoing opinion.